UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MELONIE DAWN SMITH,<br><br>                    Petitioner,<br><br>vs.<br><br>JANELL CLEMENT,<br><br>                    Respondent. | Case No. 4:25-cv-00125-DKG<br><br>**INITIAL REVIEW ORDER** |

      Petitioner Melonie Dawn Smith filed a Petition for Writ of Habeas Corpus challenging her state court convictions and sentences. (Dkt. 1.) The Court now reviews the Petition to determine whether the claims are subject to summary dismissal pursuant to 28 U.S.C. § 2243 or Rule 4 of the Rules Governing § 2254 Cases.

## REVIEW OF PETITION

1. **Standard of Law**

      Federal habeas corpus relief under 28 U.S.C. § 2254 is warranted when petitioners show they are held in custody under a state court judgment that violates the federal Constitution. *See* 28 U.S.C. § 2254(a). The Court is required to review a habeas corpus petition upon receipt to determine whether it is subject to summary dismissal. *See* Rule 4

**INITIAL REVIEW ORDER - 1**

of the Rules Governing Section 2254 Cases. Summary dismissal is appropriate when "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id*.

2. Background

In a criminal action in the Seventh Judicial District Court of Idaho in Bingham County, Petitioner was charged with and convicted of first degree murder. On or about January 3, 2018, the state district court entered a judgment. Petitioner was sentenced to a fixed term of life imprisonment. Thereafter, Petitioner filed a direct appeal, and a post-conviction relief petition. She received no relief in her state court challenges to her conviction and sentence.

3. Review of Claims

Petitioner brings the following federal claims in this action:

- a Fourth Amendment claim that the state district court unreasonably denied her motion to suppress critical evidence obtained during an allegedly unlawful search and seizure;

- a Sixth Amendment violation of the right to effective assistance of counsel when defense counsel failed to object to admission of exhibits on grounds that the exhibits included statements by Petitioner asserting her Fourth Amendment rights, and that the assertions of her rights was used against her; and

- a Sixth Amendment violation of the right to effective assistance of counsel when defense counsel failed to object to the State's closing argument regarding

>Kellie Leslie's and Jeremy Leslie's testimony on grounds that the State misrepresented those statements as having been received as substantive testimony offered for the truth instead of for impeachment purposes.

Petitioner is advised that the threshold issue for her Fourth Amendment claim will be whether the state provided an opportunity for full and fair litigation of her claim in state court. *Stone v. Powell*, 428 U.S. 465, 494 (1976). On habeas review, a federal district court must first "inquire into the adequacy and fairness of available state court procedures for the adjudication of Fourth Amendment claims." *Sanna v. Dipaolo*, 265 F.3d 1, 8-9 (1st Cir. 2001) (internal citation omitted). If the federal habeas court determines that the state court procedures were adequate, a Fourth Amendment claim is not cognizable in federal habeas proceedings. *Stone*, 428 U.S. at 481-82. That is, "[s]o long as a state prisoner has had an opportunity to litigate his Fourth Amendment claims by means of such a set of procedures, a federal habeas court lacks the authority, under *Stone*, to second-guess the accuracy of the state court's resolution of those claims." *Sanna*. 265 F.3d at 9. Stated another way, "[t]he relevant inquiry is whether petitioner had the opportunity to litigate his claim, not whether he did in fact do so or even whether the claim was correctly decided." *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 899 (9th Cir. 1996). The petitioner bears the burden of establishing that the state courts did not consider the Fourth Amendment claim fully and fairly. *Mack v. Cupp*, 564 F.2d 898, 901 (9th Cir. 1977).

**INITIAL REVIEW ORDER - 3**

As to the other claims, Petitioner may proceed on her claims to the extent that they are in a procedurally proper posture or that a legal or equitable excuse applies to excuse the default or untimeliness of any of the claims.

Therefore, the Court will order the Clerk to serve a copy of the Petition on counsel for Respondent, who may respond either by answer or pre-answer motion and who shall provide relevant portions of the state court record to this Court.

## ORDER

**IT IS ORDERED:**

1. The Clerk of Court shall serve (via ECF) a copy of the Petition (Dkt. 1), with exhibits (Dkts. 2 through 5), together with a copy of this Order, on L.LaMont Anderson, on behalf of Respondent, at Mr. Anderson's registered ECF address.

2. Within **120 days** after entry of this Order, Respondent shall have the option of filing either of the following: (1) a motion for summary dismissal or partial summary dismissal on procedural and cognizability grounds (which may be followed by an answer if the motion is unsuccessful); or (2) an omnibus answer and brief addressing procedural and cognizability defenses and the merits of the claims.

3. Respondent shall file with the responsive pleading or motion, or within a reasonable time period thereafter, a copy of all portions of the state court record previously transcribed that are relevant to a determination of the issues presented. Any presentence investigation reports or evaluations shall be filed under seal. The lodging of the remainder of the state court record, to the extent

that it is lodged in paper format, is exempt from the redaction requirements, as provided in District of Idaho Local Civil Rule 5.5(c).

4. If the response to the habeas petition is an omnibus answer, Petitioner shall file a reply (formerly called a traverse), containing a brief rebutting Respondent's answer and brief, which shall be filed and served **within 30 days** after service of the answer. Respondent has the option of filing a sur-reply **within 14 days** after service of the reply. At that point, the case shall be deemed ready for a final decision.

5. If the response to the habeas petition is a motion, Petitioner's response shall be filed and served **within 30 days** after service of the motion, and Respondent's reply, if any, shall be filed and served **within 14 days** thereafter.

6. No party shall file supplemental responses, replies, affidavits or other documents not expressly authorized by the Local Rules without first obtaining leave of Court.

7. No discovery shall be undertaken in this matter unless a party obtains prior leave of Court, pursuant to Rule 6 of the Rules Governing Section 2254 Cases.

8. The parties may, but need not, file the following in this matter: (1) notices of non-objections to motions to which they do not object; (2) responses to motions for appointment of counsel; (3) responses to motions that are meritless, frivolous, or filed in contravention of this Order; or (4) notices of intent not to file a reply. If additional briefing is required on any issue, the Court will order it.

**INITIAL REVIEW ORDER - 5**

9. Each party shall ensure that all documents filed with the Court are simultaneously served via the ECF system or by first-class mail upon the opposing party (through counsel if the party has counsel), pursuant to Federal Rule of Civil Procedure 5. Each party shall sign and attach a proper mailing certificate to each document filed with the court, showing the manner of service, date of service, address of service, and name of the person upon whom service was made, or as specified by the applicable ECF rules. The Court will not consider ex parte requests unless a motion may be heard ex parte according to the rules and the motion is clearly identified as requesting an ex parte order, pursuant to Local Rule 7.2. ("Ex parte" means that a party has provided a document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

10. All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10 and 11, and Local Rules 5.2 and 7.1. The Court will not consider requests made in the form of letters.

11. Petitioner shall at all times keep the Court and Respondent advised of any changes in address.

12. If Petitioner's custodian changes at any point during this litigation, counsel for Respondent shall file a Notice of Substitution of Respondent within 30 days of

**INITIAL REVIEW ORDER - 6**

such change, identifying the person who is substituted as Respondent. *See* Fed. R. Civ. P. 25(d); Rule 2(a) of the Rules Governing Section 2254 Cases.

DATED: May 5, 2025

_____
Honorable Debora K. Grasham
United States Magistrate Judge

**INITIAL REVIEW ORDER - 7**