UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MELONIE DAWN SMITH,<br><br>　　　　　　Petitioner,<br><br>vs.<br><br>JANELL CLEMENT,<br><br>　　　　　　Respondent. | Case No. 4:25-cv-00125-DKG<br><br>**MEMORANDUM DECISION AND ORDER** |

Petitioner Melonie Dawn Smith was convicted of first degree murder and sentenced to a fixed term of life imprisonment in Case No. CR-2017-0000573 in the Seventh Judicial District Court of Idaho in Bingham County in 2018. (*See* Dkt. 1.) She filed a direct appeal and a post-conviction action, but received no relief in state court.

Petitioner next filed her federal Petition for Writ of Habeas Corpus in this case, challenging her state court criminal judgment. (Dkt. 1.) Respondent has filed a Motion for Partial Summary Dismissal, which is now fully briefed. (Dkt. 13, 14, 15.)

All parties are deemed to have knowingly and voluntarily consented to proceed before a United States Magistrate Judge because none filed a declination of consent form with the Clerk of Court within the time frame set forth in the Notice of Assignment Setting Deadline. (*See* Dkts. 6, 9.) Having reviewed the Motion and briefing, the Court enters this Order granting the Motion.

**MEMORANDUM DECISION AND ORDER - 1**

**REVIEW OF MOTION FOR PARTIAL SUMMARY DISMISSAL**

## 1.  Introduction

When a petitioner's compliance with threshold procedural requirements is at issue, a respondent may file a motion for summary dismissal, rather than an answer. *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989). The Court takes judicial notice of the records from Petitioner's state court proceedings, lodged by the parties. *See* Fed. R. Evid. 201(b); *Dawson v. Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006).

Respondent argues that the following claims are procedurally defective:

- Claim 1, a Fourth Amendment claim that the state district court unreasonably denied her motion to suppress critical evidence obtained during an allegedly unlawful search and seizure; and

- Claim 3, a Sixth Amendment ineffective assistance of trial counsel claim for failing to object to the State's closing argument regarding Kellie Leslie's and Jeremy Leslie's testimony on grounds that the State misrepresented those statements as having been received as substantive testimony offered for the truth instead of for impeachment purposes.

## 2.  Claim 1: Fourth Amendment Threshold Issue

### A.  Standard of Law

Fourth Amendment claims are treated in a unique manner in habeas corpus actions. "[W]here the State has provided an opportunity for full and fair litigation of a fourth amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 481–82 (1976). Such a claim is noncognizable on habeas review, "regardless of its view of the correctness of the state

**MEMORANDUM DECISION AND ORDER - 2**

decision." *Mack v. Cupp*, 564 F.2d 898, 901 (9th Cir. 1977); *Caldwell v. Cupp*, 781 F.2d 714, 715 (9th Cir. 1986). The narrow question is "whether petitioner had the opportunity to litigate his claim, not whether he did in fact do so or even whether the claim was correctly decided." *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 899 (9th Cir. 1996); *see also Gordon v. Duran*, 895 F.2d 610, 613-14 (9th Cir. 1990). The petitioner bears the burden of establishing that the state courts "refused to consider" the Fourth Amendment claim" fully and fairly." *Mack*, 564 F.2d at 901 ("[T]he state trial court predicated its decision not to hold an evidentiary hearing on a finding that the factual allegations of Mack's affidavit and motion to suppress did not conflict with those of the officers' affidavits. Mack was not precluded from including all relevant facts in his supporting affidavit.")

*Powell* does not specify a particular test for determining whether a state provided a defendant with an opportunity for full and fair litigation of a Fourth Amendment claim. To aid in determination of this question, the Court reviews review the transcripts and briefing from the state trial and appellate courts. *See Terrovona v. Kincheloe*, 912 F.2d 1176, 1178-1179 (9th Cir. 1990) (citing *Abell v. Raines*, 640 F.2d 1085, 1088 (9th Cir. 1981)), *cert. denied*, 499 U.S. 979 (1991).

B. <u>Discussion</u>

In pretrial proceedings in state court, Petitioner's trial counsel filed a motion to suppress all evidence officers found when they entered her house without consent or a search warrant, including the victim's body enclosed in a body bag. (State's Lodging A-1

at 159-62.)[1] The motion was based on state and federal constitutional grounds. The evidence sought to be suppressed there is the same as the subject of Claim 1 here. The state district court held an evidentiary hearing. (State's Lodging A-4 at 25, *et seq*.) Petitioner's counsel cross-examined officers involved in the search. (*Id*. at 70-81, 117-31, 153-54.) At the end of the hearing, Petitioner's counsel provided oral argument and answered the court's questions. (*Id*. at157-64.) The trial court issued a lengthy decision denying the motion to suppress based upon extensive findings of fact and application of state and federal constitutional law. (State's Lodging A-1 at 266-300.)

The trial court concluded that the exigent circumstances exception for the purpose of preserving evidence applied:

> When Detectives Herbert, Chapa, and Phillips knocked on Smith's door, they had the following information: a violent crime had been committed on Smith's premises; a person by the name of David Davis had been shot (both outside and inside the home) by two people, Smith and "Kevin," and that Davis was dead. In addition, Smith was actively attempting to burn parts or all of the victim's body in her wood stove and to clean the blood and brain material from the walls and furniture. Smith asked Guy to help her move the victim's body. She intended to burn the body and the couch, which contained blood and brain matter, outside her home.

(*Id*. at 290.) The trial court alternatively concluded that the "Plain View Doctrine" and the "Inevitable Discovery Doctrine" applied to the evidence found in the warrantless search of Petitioner's home. (*Id*. at 299.)

---

[1] Page number references to the state court record are ECF/pdf page numbers, rather than original record page numbers.

MEMORANDUM DECISION AND ORDER - 4

Petitioner filed an appeal through the state appellate public defender, presenting her arguments in an opening brief, a reply, and supplemental authority providing new case law. (State's Lodgings B-1 at 18-25; B-3 at 9-10; B-4.) The Idaho Court of Appeals rejected Petitioner's claim after hearing oral argument. (State's Lodging B-5 at 5-11.)

Petitioner's appellate counsel filed a petition for review with briefing. (State's Lodgings B-6; B-7 at 25-29.) Petitioner's brief persuaded the Idaho Supreme Court to grant review. (State's Lodging B-11.) After appellate counsel presented oral argument, the Idaho Supreme Court affirmed the trial court's decision declining to suppress the evidence. (State's Lodging B-9.)

The foregoing procedural history shows that Petitioner had full and fair opportunity to litigate her Fourth Amendment claim. Two different sets of attorneys took full advantage of the opportunity. Petitioner was granted an evidentiary hearing. Three Idaho courts reviewed the suppression issue, and Petitioner's attorneys presented oral argument to each court. Based on *Powell*, Claim 1 is noncognizable and will be summarily dismissed.

### 3. Claim 3: Procedural Default Issue

#### A. Standard of Law

Habeas corpus law requires that a petitioner "exhaust" state court remedies before pursuing a claim in a federal habeas petition. 28 U.S.C. § 2254(b). To exhaust a claim, a habeas petitioner must fairly present it as a *federal* claim to the *highest* state court for review *in the manner prescribed* by state law. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

State court remedies are considered technically exhausted, but not properly exhausted, if a petitioner failed to pursue a federal claim in state court and no state remedies remain available. *Id*. at 848. Improper exhaustion renders a claim "procedurally defaulted" for federal habeas corpus purposes. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

Habeas corpus relief cannot be granted on a procedurally defaulted claim unless the petitioner shows either (1) legitimate cause for the default and prejudice resulting from the default, or, alternatively, (2) the petitioner is actually innocent and a miscarriage of justice would occur if the federal claim is not heard. *Id.* If the petitioner cannot meet one of these exceptions, the federal district court's only options are to dismiss the claim on procedural grounds or deny the claim on the merits. *See* 28 U.S.C. § 2254(b)(2).

To show "cause" for a procedural default, a petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show "prejudice," a petitioner bears "the burden of showing, not merely that the errors [in his proceeding] created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982).

Errors of counsel made on *post-conviction review* that cause the default of other claims generally cannot serve as a basis for cause to excuse a petitioner's procedural default of his claims. *See Coleman*, 501 U.S. at 752. This rule arises from the principle that a petitioner does not have a federal constitutional right to effective assistance of

**MEMORANDUM DECISION AND ORDER - 6**

counsel during state post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 430 (9th Cir. 1993).

The case of *Martinez v. Ryan*, 566 U.S. 1 (2012), established a limited exception to the *Coleman* rule. In *Martinez*, the court held that inadequate assistance of counsel "at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id*. at 9. The *Martinez* test consists of four requirements or prongs: (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective assistance of  trial counsel claim"; and (4) state law requires that an ineffective assistance of trial counsel claim "be raised in an initial review collateral proceeding." *Trevino v. Thaler*, 569 U.S. 413, 423 (2013) (citing *Martinez*, 566 U.S. at 13-14).

If a petitioner cannot show cause and prejudice for a procedurally defaulted claim, he can still raise the claim if he demonstrates that the court's failure to consider it will result in a "fundamental miscarriage of justice." *Murray*, 477 U.S. at 496. A miscarriage of justice means that a constitutional violation has probably resulted in the conviction of someone who is actually innocent. *Id.* To prevail, a petitioner must make a colorable showing of *factual* innocence. *Herrera v. Collins*, 506 U.S. 390, 404 (1993).

B.  Discussion: Procedural Default

Claim 1 was raised in Petitioner's amended post-conviction petition and addressed by the State in its summary dismissal motion. (Dkt. 14 at 2; Dkt. 15 at 2; State's

**MEMORANDUM DECISION AND ORDER - 7**

Lodgings C-1 at 105; C-1 at 138-139.) The state district court ruled on the merits of the claim, concluding that Petitioner did not show that the failure to object to the closing argument about the Leslies' statements made without reminding the jury that they were admitted only for impeachment "undermined confidence in the outcome of the trial." (State's Lodging C-1 at 183.) In Petitioner's opening post-conviction brief before the Idaho Court of Appeals, she raised the merits of the claim again. (State's Lodging D-2 at 24-29.) The Idaho Court of Appeals rejected the claim. (State's Lodging D-5 at 8-10.)

Petitioner next filed a petition for review in the Idaho Supreme Court. (State's Lodging D-6.) In the supporting brief, Petitioner presented (1) the merits of an ineffective assistance claim based on trial exhibit nos. 4 and 7 (State's Lodging D-7 at 10-11), and (2) a claim that the state post-conviction court erred by not providing Petitioner with 20 days' notice under I.C. § 19-4906 of the court's intent to decide her federal *procedural misconduct* legal claim based on the Leslie facts on grounds other than those argued by the State in its motion to dismiss. Petitioner's brief in support of her petition for review reveals that she mentioned in the procedural history section that the ineffective assistance Leslie claim had been affirmed in the Idaho Court of Appeals (*id*. at 6-7), but she did not present in the brief any argument on the merits of the Leslie claim on ineffective assistance of counsel legal grounds or on procedural misconduct legal grounds.

"Fair presentation" requires a petitioner to describe both the operative facts and legal theories upon which the federal claim is premised. *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996). Because Petitioner did not ask the Idaho Supreme Court to rule on the merits of a *Sixth Amendment ineffective assistance* claim on the Leslie facts but on a

**MEMORANDUM DECISION AND ORDER - 8**

*state procedural issue* as to a *prosecutorial misconduct* claim on the Leslie facts,[2] Claim 3—the ineffective assistance claim based on the Leslie facts—is procedurally defaulted.

### C.  Discussion: Cause and Prejudice and Miscarriage of Justice

Petitioner argues that she has demonstrated cause and prejudice based upon her post-conviction appellate counsel's failure "to argue this meritorious claim, and but for this failure [she] would have prevailed on her appeal." (Dkt. 14.) However, as noted above, the *Coleman* exception does not apply to errors of any post-conviction counsel, 501 U.S. at 752, and the *Martinez* exception does not apply to errors of post-conviction *appellate* counsel, 566 U.S. at 16 ("The holding in this case does not concern attorney errors in other kinds of proceedings, including appeals from initial review collateral proceedings.").

Petitioner has not made an argument that she is factually innocent, and the record does not support such a conclusion. For all of the foregoing reasons, Claims 1 and 3 will be dismissed with prejudice.

### ORDER

**IT IS ORDERED:**

1.  Respondent's Motion for Partial Summary Dismissal (Dkt. 13) is GRANTED.

---

[2]    State law claims are not cognizable in federal habeas. *See* 28 U.S.C. § 2254(a) (a habeas petition from a prisoner "in custody pursuant to the judgment of a State court" can be granted "only on the ground that he is in custody in violation of the Constitution or laws … of the United States"). "Federal habeas corpus relief does not lie for errors of state law[,]'" and "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (citation omitted).

2.  Respondent shall file an answer to Claim 2 within **90 days** after entry of this Order. The answer should also contain a brief setting forth the factual and legal basis of grounds for dismissal and/or denial of the remaining claim. Petitioner shall file a reply (formerly called a traverse), containing a brief rebutting Respondent's answer and brief, which shall be filed and served within **30 days** after service of the answer. Respondent has the option of filing a sur-reply within **14 days** after service of the reply. At that point, the case shall be deemed ready for a final decision.

3.  No party shall file supplemental responses, replies, affidavits or other documents not expressly authorized by the Local Rules without first obtaining leave of Court.

4.  No discovery shall be undertaken in this matter unless a party obtains prior leave of Court, pursuant to Rule 6 of the Rules Governing Section 2254 Cases.

DATED: March 19, 2026

_____

Honorable Debora K. Grasham
United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 10**